UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| CHRISTOPHER M. MAJORS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 5:14-cv-188-JMH |
| ) | |
| COMMONWEALTH OF KENTUCKY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*

This matter is before the Court upon Petitioner's Notice of Removal Pursuant to Rule 11 of the Federal Rules of Civil Procedure [D.E. 1] and Petitioner's Motion for a Jury Trial. [D.E. 2]. The Court having reviewed the Petition and Motion, and being otherwise sufficiently advised, these matters are ripe for review.

Petitioner states numerous federal statues as grounds for filing his Petition, but based upon the styling of the motion, and the relief requested therein, the Court construes Petitioner's filing as a notice of removal pursuant to 28 U.S.C. §§ 1443, 1455.[1] For the reasons that follow, the Court dismisses Petitioner's petition.

A defendant in a state criminal prosecution may remove the prosecution to federal court by filing "in the district court of

---

[1] If the Court has misconstrued the relief requested, Petitioner is not prejudiced to filing a new petition clarifying the relief sought.

the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1455(a). A state court prosecution may be removed to federal court if the defendant "is denied or cannot enforce in the courts of [the] State a right under any law providing for the equal rights of citizens of the United States, or of all the persons within the jurisdiction thereof," *id.* § 1443(1), or if the prosecution is based upon an "act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *Id*. § 1443(2).

Subsection two is inapplicable to this matter because it applies "only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966). To remove the prosecution under § 1443(1), Petitioner must show that "the right allegedly denied . . . arises under a federal law providing for specific civil rights stated in terms of racial equality" and "that [he] is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted) (internal quotation marks omitted).

Petitioner's Petition for Removal must be dismissed because Petitioner does not allege a deprivation of a civil right stated in terms of racial inequality. *See Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) ("[Under 28 U.S.C. § 1443,] the defendant has the burden of establishing that removal is proper." (citations omitted)). Moreover, Petitioner's appeals in state court exhibit that his unhappiness with the state court prosecution stems from his classification as a first-degree persistent felony offender under KRS 532.080(3)(c)(1). *Major v. Commonwealth*, No. 2008-CA-1855-MR, 2009 WL 4060490, at *1 (Ky. Ct. App. Nov. 25, 2009). The persistent felony offender sentencing statute applies equally to all races. *See* KRS 532.080. Furthermore, even assuming Petitioner had alleged a meritorious civil rights violation, his notice of removal is untimely. *See* 28 U.S.C. § 1455(b)(1) ("A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court."); *Major v. Commonwealth*, No. 2011-CA-459-MR, 2012 WL 3136814, at *1 (Ky. Ct. App. Aug. 3, 2012) ("On March 17, 2008, Major entered a guilty plea . . . ."). As Petitioner cannot remove his prosecution, the Court will deny his motion for jury trial as moot.

The Court also notes that it appears Petitioner's state court prosecution is closed because the Kentucky Supreme Court denied discretionary review of Petitioner's latest appeal on

March 13, 2013. *See Major v. Commonwealth*, No. 2012-SC-557-D, 2013 Ky. LEXIS 65, at *1 (Ky. Mar. 13, 2013). By its terms, 28 U.S.C. § 1455 only applies to "pending" prosecutions. *See* 28 U.S.C. § 1455. However, to the extent there remains an ongoing proceeding and to prevent prejudicing any rights Petitioner may have in state court, the Court will remand this matter back to the Jessamine County Circuit Court.

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Petitioner's Notice of Removal Pursuant to Rule 11 of the Federal Rules of Civil Procedure [D.E. 1] be, and the same hereby is, **DISMISSED**;

(2) that this action is **REMANDED** to the Jessamine County Circuit Court;

(3) that the Clerk shall **FORWARD** a certified copy of this Order to the Clerk of the Jessamine County Circuit Court, referencing case No. 07-cr-190.

(4) The Jessamine County Circuit Court may proceed with this action without further impediment.

(5) That Petitioner's Motion for Jury Trial [D.E. 2] be, and the same hereby is, **DENIED AS MOOT**.

(6) That this matter be **STRICKEN FROM THE ACTIVE DOCKET**.

(7) That the Clerk shall **FORWARD** a copy of this Order to Petitioner's last known address in this matter, which is as follows:

CHRISTOPHER M. MAJORS
Northpoint Training Center
Highway 33
Inmate Mail/Parcels
P.O. Box 479
Burgin, KY 40310

This the 5th day of June, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge